**William W. BANEY, Sr. and Joy M., Baney, Husband and Wife, Appellants**

v.

**Emily EOUTE, Appellee.**

Superior Court of Pennsylvania.

Submitted July 16, 2001.
Filed Sept. 4, 2001.

---

Robert D. O'Connor, Lock Haven, for appellant.

Lewis G. Steinberg, Lock Haven, for appellee.

Before: JOHNSON, TODD, and POPOVICH, JJ.

JOHNSON, J.

¶ 1 William and Joy Baney (the Baneys) appeal from the trial court's order dismissing their complaint and entering a declaratory judgment in favor of Emily Eoute. The Baneys contend that the trial court erred in finding ambiguity in the language of a document that conveyed an easement from Eoute to the Baneys. The Baneys further contend that the trial court erred in concluding that the use of the easement was limited to the existing roadway rather than the fifty-foot width indicated in the metes and bounds description. After study, we affirm.

¶ 2 In November 1993, the Baneys purchased approximately one and three-quarters of an acre of land from Eoute and her niece, Glenda Sweeney. In addition to the purchased property, Eoute and Sweeney conveyed an express easement to the Baneys, granting them the use of a private road that the Baneys use to access their property. The private road is only twenty feet wide. The deed conveying the easement states in pertinent part:

WITNESS, that the Grantors [Eoute and another] ... have granted, bargained, and sold and by these presents do grant, bargain, and sell, unto the said Grantees [the Baneys], their heirs and assigns, the free and uninterrupted use, liberty and privilege of, passage in and along upon and out of a certain private road belonging to the Grantors situate in Porter Township, Clinton County, Pennsylvania, described as follows:

BEGINNING at an iron pin situate at the intersection of the northerly side of Township Route 321, Fox Hollow Road and the southeastern corner of lands being conveyed to the Grantees; thence along the lands being conveyed to the Grantees North 23 degrees 17 minutes West, a distance of one hundred seventy-one and 8/10 (171.8) feet to an iron pin; thence continuing in a northerly direction along lands of Richard Hetzel, a distance of two hundred four (204) feet to an iron pin; thence in an easterly direction across an existing private road known as Eoute Lane fifty (50) feet to a point on the western line of lands of the Grantors; thence in a southerly direction along the western line of lands of the Grantors, a distance of four hundred twenty-five and 8/10 (425.8) feet to a point on the northern line of Legislative Route 321; thence in a westerly direction along the northern line of Township Route 321 to an iron pin, the place of beginning.

TOGETHER with free ingress, egress and regress to and for the said Grantees, their heirs and assigns, at all times and seasons forever hereafter, into, along, upon and out of the said private road in common with the property own-

ers adjacent thereof, their heirs and assigns.

¶ 3 The Baneys' central consideration was the fact that the easement contains a metes and bounds description of the conveyance measuring fifty feet wide. The record suggests that the Baneys removed trees, shrubs and a fence that laid within the fifty-foot width of the metes and bounds description, but beyond the twenty-foot road. Following Eoute's complaints about the removal of the fence, the Baneys filed an action in declaratory judgment asking the trial court to declare that they are entitled to the easement per the metes and bounds description and are permitted to remove trees to afford traffic with a better view of the road. The Baneys further requested that the use be permitted so long as it did not "substantially interfere" with the purpose of the easement. After the Baneys filed a response to Eoute's answer and new matter, the parties stipulated to the facts as pleaded and submitted the case to the trial court for determination. The trial court dismissed the Baneys' complaint on the basis that the written easement failed to support the Baneys' allegation that they were granted unrestricted use of a fifty-foot right of way. The trial court resolved, through extrinsic facts, that the easement was intended to be limited to the private road. Subsequent to the trial court's denial of their motion for a judgment notwithstanding the verdict, the Baneys filed this appeal.

¶ 4 The Baneys raise the following issues for this Court's review:

1. Should reference be made to matters outside an easement created by an express grant where the terms of the grant are clear and unequivocal?

2. Should the fact that the purpose of an easement can be accomplished in less than the whole area dedicated to the easement allow the servient estate the right to deny access to the unnecessary portion of the express easement?

Brief for Appellant at 5.

¶ 5 Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. *See Porter v. Kalas,* 409 Pa.Super. 159, 597 A.2d 709, 711–12 (1991). The findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record. *See id.* Furthermore, our standard of review demands that we consider the evidence in a light most favorable to the verdict winner. *See id.* Because the parties have stipulated to the facts as presented in their pleadings, we need only determine whether the trial court erred as a matter of law.

¶ 6 In support of their first question, the Baneys contend that the trial court erred in looking to extrinsic evidence to determine: 1) that a latent ambiguity existed; and 2) the parties' intention with respect to the scope of the easement. Brief for Appellant at 8. The Baneys argue that the language of the recorded conveyance document was sufficiently clear because the metes and bounds description of the easement encompassed the more narrow road. Brief for Appellant at 8.

¶ 7 Notwithstanding the fact that the document expressly conveys a use of the road, a question remains as to whether the dimensions of the road, as expressed in the metes and bounds description, are enforceable. The Baneys would have this Court:

1) strictly adhere to the express language of the metes and bounds description, thereby affording them a fifty-foot right of way; and 2) ignore the fact that they have stipulated, as a factual matter, that the road is actually less than fifty-feet wide.

¶ 8 When reviewing an express easement, the language of the agreement, unless ambiguous, controls. *See Fedorko Properties, Inc. v. C.F. Zurn & Associates,* 720 A.2d 147, 149 (Pa.Super.1998). The terms of the instrument conveying the interest are interpreted by applying general principles of contract law. *See Hann v. Saylor,* 386 Pa.Super. 248, 562 A.2d 891, 893 (1989). Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract. *See Samuel Rappaport Family Partnership v. Meridian Bank,* 441 Pa.Super. 194, 657 A.2d 17, 21 (1995). Where a term is ambiguous and susceptible of more than one reasonable interpretation, however, the court is free to receive extrinsic, *i.e.,* "parol evidence," to resolve the ambiguity. *See id.* "A contract will be found ambiguous: if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning." *Id.* A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper construction. *See id.* at 21–22. Ambiguity within a contract may be latent or patent. *See id.* at 22. A patent ambiguity appears on the face of the contract and is a result of defective or obscure language. *See id.* Although Pennsylvania law provides that

"parol evidence" may not be introduced unless the language of the written agreement is ambiguous on its face, extrinsic facts and circumstances may be proved to show that language apparently clear and unambiguous on its face is, in fact, latently ambiguous. *See Kohn v. Kohn,* 242 Pa.Super. 435, 364 A.2d 350, 353–54 (1976).

¶ 9 Here, the parties have stipulated to the facts as pleaded. One of those facts discerned from the pleading is that the private road is less narrow than the property described by the metes and bounds description. Plaintiffs' Response to New Matter of Defendant, 9/26/00, at ¶ 15. Although the language of the easement appears to grant the Baneys the use of a fifty-foot wide road, the fact that the parties knew the road to be substantially less than fifty feet wide proves the existence of a latent ambiguity. Because the scope of the easement is latently ambiguous and susceptible of more than one reasonable interpretation, the trial court was free to consult extrinsic evidence to resolve the ambiguity. *See Meridian Bank,* 657 A.2d at 21. Therefore, we conclude that the trial court did not err in relying upon extrinsic facts in determining the parties' intent where a latent ambiguity existed with respect to the scope of the easement.

¶ 10 With respect to the Baneys' second question, we discern that the language within the conveying document belies their assertion that the easement's reference to the "private road" is a generic point of reference for the metes and bounds description. Brief for Appellant at 8. In particular, the document conveys "the free and uninterrupted use, liberty and privilege of, and passage in and along upon and out *of a certain private road* belonging to [Eoute] . . . described as follows[.]" Plaintiffs' Complaint for Declaratory Judgment, 8/4/00, Exhibit A (emphasis added). What follows is a metes and bounds de-

scription that purports to illustrate the physical dimensions of the easement. Clearly, the precatory language preceding the word "road" is meant to elucidate the scope of the easement. Further, because that precatory language relates to the easement's use, the word "road," as the subject that language modifies, is naturally the object of the easement. Moreover, the document directs the reader to a metes and bounds description of the road only after words of conveyance are made. Thus, even before the metes and bounds description is provided, it is clear that the parties were defining the extent and purpose of the easement by reference to the private road. Therefore, contrary to the Baneys' assertion, the easement was, in its own terms, limited to the private road. Moreover, because our conclusion on this point contradicts the underlying premise the Baneys espouse in their second question, namely that the servient estate may not deny access to unnecessary portions of the easement, we need not discuss this issue further. Accordingly, we affirm the trial court's order.

¶ 11 Order **AFFIRMED**.