**Bair v. Charney**

66

C.P. of Lycoming County, No. CV-15-00,140

*N. Randall Sees*, for plaintiffs.
*Marc S. Drier*, for defendants Charney.
*Rodney A. Beard*, for defendant Saar's Tree Service, LLC.

GRAY, *J.*, May 21, 2015—Before the court are the Charney defendants' preliminary objections which essentially consist of a demurrer to every count of plaintiffs' complaint, an objection to punitive damages, and an objection to lack of specificity as to damages.[1] The following opinion is provided in support of this court's rulings.

## Factual Background

On January 16, 2015, Clifford and Lori Bair ("plaintiffs") filed a complaint and motion for preliminary injunction, requesting expedited consideration on the motion for

---

1. The Charney defendants filed 12 objections, 10 of which were demurrers. In addition to demurrers to each specific count, the Charney defendants demurred to all counts on the basis of a release in the use and maintenance agreement. The Charney defendants also demur to all counts on behalf of the Saar's defendants on the grounds that were acting as agents of the Charney defendants. In addition to the demurrers, the Charney defendants object to the lack of specificity in the complaint as to the value of damages sought for the unlawful destruction of trees. The Charney defendants also object for failure to conform to law and/or lack of capacity to sue with respect to all counts as to defendant Saar's Tree Service, LLC. Finally, the Charney defendants demur as to all claims for punitive damages.

injunction. On January 23, 2015 and January 26, 2015 David and Leah Charney (Charney defendants) filed preliminary objections to both the motion for injunction and the complaint. On January 29, 2015, plaintiffs filed an answer to the preliminary objections to the motion for injunction. A hearing on the motion for preliminary injunction was scheduled for January 30, 2015. At the time set for the hearing, the parties agreed to an order maintaining the status quo, pending further order of court. Argument on the preliminary objections to the complaint was held on March 11, 2015. Additional time was granted for the submission of further briefs or case-law with respect to the objections. All briefs and additional material with respect to the objections were received by March 17, 2015.

Given the procedural posture, for the purposes of deciding the objections, the court accepts as true the averments of plaintiff's complaint. The complaint provides the following pertinent facts. The plaintiffs and the Charney defendants own land adjoining each other in the Township of Watson, Lycoming County. Plaintiffs own a strip of land ("Strip") which separates the land on which the plaintiffs and the Charney defendants have their homes. The dispute arises from a right-of-way on or encompassing this Strip. Plaintiffs aver that the Strip includes a driveway shared by plaintiffs and defendants. Plaintiffs aver "[a] roadway located on the property is the subject of a right-of-way use and maintenance agreement." Complaint, ¶7 (emphasis added). Plaintiffs attached the right-of-way use and maintenance agreement ("maintenance agreement") to the complaint as Exhibit B. That maintenance agreement recognizes the existence

of a "perpetual easement and right-of-way agreement ("perpetual easement"), dated September 30, 1998, and recorded in Lycoming Count Deed Book 3122, Page 151. The perpetual easement provides "a perpetual easement and right of ingress, egress and regress over and along the Roadway[.]" *See,* Complaint, Exhibit "B." The deed (attached as Exhibit "A"), the maintenance agreement and the perpetual easement all describe the easement as a "Roadway" and as 50 feet wide. However, the survey, which is attached to the complaint as Exhibit "C," shows a 10 foot asphalt drive on the Strip. The location and dimensions of the roadway were defined prior to the plaintiffs taking ownership. The Strip contained twelve trees until they were removed by the Charney defendants with use of the Saar's Tree Service, LLC's equipment, despite warnings that such removal was unlawful and constituted a trespass.[2]

Plaintiffs' complaint contains seven counts, as follows. Count 1 is for trespass (entering the property for a purpose not permitted under the maintenance agreement). Count 2 is for conspiracy (acting with a common purpose to

---

2. More specifically, plaintiffs aver the following. On or about December 3, 2014, Mr. and Mrs. Charney deliberately and maliciously ran their vehicles into one of the trees on the property and damaged it. Plaintiffs placed metal stakes and guy wires around the front of the tree to protect it. On December 3, 2014, the Charney defendants entered the property and removed the stakes and guy wires which further damaged the tree. Charney defendants were advised they had no right to be anywhere on the property other than on the roadway for ingress, egress and regress. After seeing a representative of Saar's on the property on December 29, 2014, plaintiffs contacted Saar's who informed them they were being hired to remove a spruce and redwood. Plaintiffs informed the representative of Saar's that the redwood, which was at least 45 years old, was on plaintiffs' property and that Saar's had no right to remove it. On January 13, 2015, plaintiffs learned that all 13 trees had been removed, including the redwood. They believe Saar's permitted the Charney defendants to use Saar's equipment.

remove and deprive plaintiffs of their trees or convert them). Count 3 is for conversion of the trees. Count 4 is for negligence in destroying the trees. Count 5 is for breach of contract, that is, the maintenance agreement. Count 6 is for quiet title with respect to a forfeiture of the perpetual easement. Count 7 is for an injunction to enjoin further trespass, including excavation and laying blacktop to expand the size of the roadway.

## Legal Standards

### Preliminary Objections

A party may file preliminary objections based on the legal sufficiency or insufficiency of a pleading (demurrer) pursuant to Pa. R.C.P. 1028(a)(4). A demurrer tests the legal sufficiency of the complaint. *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 714 (Pa. Super. 2005). When reviewing preliminary objections in the nature of a demurrer, the court must "accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts." *Thierfelder v. Wolfert*, 52 A.3d 1251, 1253 (Pa. 2012), citing, *Stilp v. Commonwealth*, 940 A.2d 1227, 1232 n.9 (Pa. 2007). In deciding a demurrer "it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery. If there is any doubt, it should be resolved by the overruling of the demurrer." *Melon Bank, N.A. v. Fabinyi*, 650 A.2d 895, 899 (Pa. Super. 1994) (citations omitted). "Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are *clear and free from doubt*." *Bower v. Bower*, 611 A.2d 181, 182 (Pa. 1992)(emphasis added).

Interpretation of Easement/Right of Way

The legal requirements for interpretation of an easement provide that the court may only look at the document itself initially to determine whether the words are plain and unambiguous. "If on the face of the document no doubt arises that the words are used in their primary sense, and if, read in that sense, they are plain and unambiguous, the matter is concluded[.]" *Witman v. Stichter*, 149 A. 725, 726-727 (Pa. 1930). "[W]hen the terms of an express grant of an easement are general, ambiguous, and not defined by reference to the circumstances known to the parties at the time of the grant, the express easement is to be construed in favor of the grantee." *See, Lease v. Doll*, 403 A.2d 558, 562 (Pa. 1979). *See also, Duquesne Light Co. v. Longue Vue Club*, 63 A.3d 270, 280; 2013 PA Super 8 (Pa. Super. 2013).

However, when a latent ambiguity exists, the court may look to extrinsic facts to determine the scope of the easement. *Baney v. Eoute*, 2001 PA Super 260, 784 A.2d 132 (Pa. Super. 2001). A latent ambiguity exists when the parties to the easement know that the metes and bounds description of the easement significantly differs from the roadway in existence at the time the easement is created. *Id.* Non-use of an implied easement does not extinguish or limit the implied easement arising from the failure to dedicate a public road. *Croyle v. Dellape*, 832 A.2d 466 (Pa. Super. 2003).

Punitive Damages

It is well settled in Pennsylvania that "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to

the rights of others." *See*, *Feld v. Merriam*, 485 A.2d 742, 747-748 (Pa. 1984), citing, *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355 (1963) *see also*, *Phillips v. Cricket Lighters*, 883 A.2d 439, 445-446 (Pa. 2005); *Hutchison Ex. Re. Hutchison v. Luddy*, 870 A.2d 766 (Pa. 2005). Pennsylvania has embraced the RESTATEMENT (SECOND) OF TORTS §908(2) with respect to punitive damages.[3] To prevail in a punitive damages claim, plaintiff must establish that: "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed" and (2) the defendant "acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy*, *supra*, 870 A.2d at 771.

## Discussion

As the Charney defendants raised numerous objections, the court will discuss each objection in the order in which it appears in the Charney defendants' preliminary objections.[4]

Objection 1 to Count 1-Trespass.

The Charney defendants object to the trespass count because they assert that they have a perpetual easement

---

3. § 908 Punitive Damages

(1) Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future.

(2) Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause and the wealth of the defendant. Restat 2d of Torts, § 908

4. The Saar's defendant has not filed any objections to the complaint.

over the entire 50 foot strip of land and have a right to keep the land open and to perform maintenance on the roadway. The court believes that the plaintiffs alleged sufficient facts to support a claim for trespass. "One who intentionally enters the property of another without the privilege to do so is chargeable with trespass" *Haan v. Wells*, 30 Pa. D. & C.5th 562 (C.P. Lackawanna 2013), citing, *Kopka v. Bell Telephone Company of Pennsylvania*, 371 Pa. 444, 450, 91 A.2d 232, 235 (1952); *Woodham v. Dubas*, 256 Fed. Appx. 571, 576 (3d Cir. 2007). "Pennsylvania has adopted the Restatement (Second) of Torts § 158 which imposes liability for trespass if the intruder enters or remains on the land of another without consent." *Id.*, citing, *Rawlings v. Bucks County Water Sewer Authority*, 702 A.2d 583, 586 (Pa. Cmwlth. 1997). "It is immaterial whether the trespass is committed willfully and with the intent to invade another's interest, and a defendant is liable for trespass which is the product of an innocent mistake based upon the trespasser's honest or reasonable belief that the property in question is his/her own." *Id.*, citing, *Kopka, supra.*

The crux of the dispute between the parties pertains to what the boundaries of the perpetual easement are, to determine to what extent there may have been a trespass. The deed, perpetual easement, maintenance agreement and map book dated 8/21/72 all refer to a 50 foot wide private roadway. Plaintiffs, however, allege that a driveway sits on the roadway which has been shared by the parties as the perpetual easement until this controversy developed. In essence plaintiffs appear to aver that a latent ambiguity exists which requires the court to construe the easement as limited to the driveway and not to the entire Strip of

land. There appears to be a dispute of fact as to whether a latent ambiguity existed at the time of the creation of the easement. If plaintiffs' allegations are accepted as true, that such an ambiguity existed at the formation of the perpetual easement, then under *Baney, supra,* parol evidence would be available to construe the boundaries of the perpetual easement as limited to the driveway. Under those circumstances, as in *Baney,* the defendants would have no right to clear the trees outside the narrow roadway that had been in existence. Defendants could be liable in trespass for going outside the driveway. The court believes that the Plaintiffs should amend their complaint to "state unequivocally that the roadway at the time of the signing of the right-of-way agreement was significantly more narrow than the metes and bounds description." Plaintiffs' Brief, at 2.[5]

The court believes that the Charney defendants could be liable for trespass for going beyond the scope of the easement for egress or ingress, beyond maintenance or beyond keeping the property free of blockage, even if the easement includes the full 50 foot property. The plaintiffs' assert that the only rights that Charney defendants have to the property are set forth in the maintenance agreement. That agreement provides that "the Roadway shall remain a private right-of-way for the use of the parties hereto, their heirs, grantees, successors, assigned and invitees only, as access to their respective residences, or properties, and shall not be used or permitted to be used by other persons or for other purposes." The Charney defendants claim that

---

5. Plaintiffs' contention that a latent ambiguity existed at the time of the creation may be inferred from reading the complaint in conjunction with the brief. However, there is no verified allegation of that factual assertion.

they had a right to keep the property free of blockage and open. They further asset a right to perform maintenance on the property. Such assertions are more appropriate for an answer than for an objection. In ¶ 10 of the complaint, plaintiffs alleged that "[o]n or around December 3, 2014, the Charney defendants began leaving the surface of the roadway with their vehicles, deliberately and maliciously running into and damaging one of the trees located on the property." Accepting this allegation as true, the court believes that a fact-finder could conclude that the Charney defendants' actions went beyond the scope of keeping the property free of blockage or performing maintenance.

Objection 2 to Count 2 — Conspiracy.

The Charney defendants object to the conspiracy claims on the grounds that there are insufficient allegations that the actions complained of were unlawful.

"The essential elements of a claim for civil conspiracy are as follows: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose, (2) an overt act done in pursuance of the common purpose, and (3) actual legal damage." *Phillips v. Selig*, 2008 PA Super 244, 959 A.2d 420, 437 (Pa. Super. 2008) (citations omitted.)

In the present case, plaintiffs allege that all of the defendants devised a plan to fell the trees and haul them away without permission or compensation. The court believes these allegations suffice to state a claim for conspiracy to unlawfully deprive plaintiffs of the trees and convert the trees for their own purposes.

Objection 3 to Count 3 — Conversion.

Defendants object to the claims for conversion on the grounds that they had the right to remove the trees that blocked the 50 foot roadway. Plaintiffs have sufficiently alleged a claim for conversion of the trees, regardless of whether the defendants had a right to clear the 50 foot roadway. "Under Pennsylvania law, conversion is the deprivation of or interference with another's right of property in, use of, or possession of a chattel without the owner's consent and without lawful justification." *Deitrick v. Costa*, 2014 U.S. Dist. LEXIS 183442 (M.D. Pa. Oct. 21, 2014), citing, *PTSI, Inc. v. Haley*, 2013 PA Super 130, 71 A.3d 304, 314 (Pa. Super. 2013) (citations omitted); also citing, RESTATEMENT (SECOND) OF TORTS § 222A (1965) ("defining conversion as "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel"").

In the present case, plaintiffs alleged that the defendants felled, destroyed, removed and hauled away trees that belonged to the plaintiffs without permission or compensation. Plaintiffs further alleged that defendants used the Strip of property for purposes other than those set forth in the perpetual easement, specifically that they used the Strip for the purposes other than ingress, egress or regress. On its face, that is sufficient for conversion. Plaintiffs were not provided an opportunity to transplant the trees or to take control over the lumber. Defendants may file an answer setting forth their allegations that they believed they were permitted to clear the 50 foot Roadway or to perform maintenance on the Strip. However, they are not entitled to a demurrer to the conversion count.

Objection 4 to Count 4 — Negligence.

"[T]o state a cause of action for negligence, a plaintiff must allege facts which establish the breach of a legally recognized duty or obligation of the defendant that is causally connected to actual damages suffered by the plaintiff." *Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 596 (Pa. 2012) Plaintiffs allege defendants breached their duty to exercise due care with respect to exercising their rights under the perpetual easement and maintenance agreement and that their failure to exercise due care resulted in harm and damages to them. As such, the court believes plaintiffs sufficient pled claims for negligence against the defendants.[6]

Objection 5 to Count 5 — Breach of Contract.

"The necessary material facts that must be alleged for such an action are simple: there was a contract, the defendant breached it, and plaintiffs suffered damages from the breach." *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010)(citations omitted). Plaintiffs allege that defendants breached the perpetual easement and maintenance agreements by going beyond the rights outlined in paragraph 2 of the maintenance agreement. That provision limits use of the easement for the purpose of access to their residences. Plaintiffs allege defendants used the roadway to access, remove and destroy trees. As such, the court believes that plaintiffs have sufficiently alleged a claim for breach of contract claim.

---

6. Nonetheless, the court notes that in their amended complaint, plaintiffs should specify how the defendants actions were negligent as opposed to intentional, how they differ from their breach of contract claim and the extent of noneconomic damages incurred.

Objection 6 to Count 6 — Quiet Title

Defendants demur to plaintiffs' claim of quiet title in which plaintiffs' seek to establish that defendants forfeited their rights to the perpetual easement. Specifically, plaintiffs' alleged that "[a]s a result of their unconscionable and unlawful infringement upon the rights of plaintiffs, the lawful owners of the property, the Charney defendants have forfeited any right to use the property or the roadway located upon it." Complaint, ¶60. The court is not aware of any cases that support this claim. Accordingly, the demurrer is granted to this count.

Objection 7 to Count 7 — Injunction

Plaintiffs seek to enjoin defendants from trespass onto the disputed areas of the Strip and to preclude defendants from laying blacktop or expanding the cart-way within the roadway. "It is hornbook law that a court of equity possesses jurisdiction to enjoin repeated trespasses on land as well as to enjoin a nuisance." *Jones v. Wagner*, 425 Pa. Super. 102, 624 A.2d 166 (Pa. Super. 1993)(citations omitted.) As such, defendants demurrer to the claim for an injunction, on the grounds that there is no current violation, is overruled.

Objection 8 to All Counts on The Basis of The Release.

The Charney defendants demur on the grounds that the parties entered a mutual release that precludes recovery. Specifically the release provides the following. "Mutual Releases. Each of the parties hereto hereby releases and agrees to defend, indemnify and hold harmless the other parties, their heirs, grantees, successors and assigns, against and from any and all claims or rights of action

arising out of or related to any personal injury or property damage resulting from the Roadway's condition." In the present case, the plaintiffs do not assert damage as a result of the Roadway's condition; they assert damage as a result of the Charney defendants alleged trespass, conversion, breach of contract, and negligence. As such, defendants' objection 8 is overruled.

Objection 9 and 10 as to Saar's Tree Service

The court will not consider the Charney defendants' objections that were purportedly raised on behalf of the Saar's defendants; such objections, numbered 9 and 10 are overruled without prejudice.

Objection 11 For Lack of Specificity as to Damages

The Charney defendants object to Counts 1 through 6 on the grounds that they ask for "special compensatory damages for allegedly unlawful destruction of trees" but fail "to state the specific value alleged to be plaintiffs' damage." As to Count 1, plaintiffs aver that as a result of the destruction of trees, "the property has been and continues to be materially degraded and damaged." Complaint, ¶31. In Count 2, plaintiffs aver that they suffered damage in "the loss of twelve trees and the diminution in value of the property." Complaint, ¶ 36. These averments are incorporated by reference in the remaining counts. In Count 3, plaintiffs aver that they have been deprived of the trees as well as use or possession of the property as a whole. Complaint, ¶40. For Count 4, plaintiffs essentially aver that they were damaged by the destruction of twelve trees. Complaint, ¶¶ 46-47. For Count 5, plaintiffs aver that the defendants destroyed twelve trees and as a result of the breach of the maintenance agreement, defendants

80

"caused damage to plaintiffs."[7]

A pleading must meet the specificity requirements of Pa. R.C.P. No. 1019 and 1028 to enable the defendants to prepare an adequate defense. The court believes that — where the amounts of damages plaintiffs are seeking are known and easily ascertainable — plaintiffs should include the amounts in their pleading. If those amounts are not known and not easily ascertainable they should plead that as an averment. Accordingly, the court will sustain the objection.

Objection 12 to All Claims for Punitive Damages.

As to the demurrer to the claim for punitive damages, the court concludes that the plaintiffs have alleged sufficient facts in support of its punitive damage claim. To prevail in a punitive damages claim, plaintiff must establish that: "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed" and that (2) the defendant "acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison v. Luddy*, 870 A.2d 766, 771(Pa. 2005) Accepting as true "all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts" with any doubt being "resolved by the overruling of the demurrer," the court concludes that plaintiffs plead sufficient facts to establish that defendants had a subjective appreciation of the risk of harm to which plaintiffs were exposed and acted or failed to act in a manner that showed conscious disregard of that risk.

---

7. As the demurrer to Count 6 has been sustained, the court need not discuss the specificity of that Count.

Specifically, accepting plaintiffs allegations as true, on or about December 3, 2014, Mr. and Mrs. Charney deliberately and maliciously ran their vehicles off the asphalt roadway and into one of the trees on the property and damaged it. Despite notice, defendants went beyond the asphalt roadway and damaged and removed trees. Under the perpetual easement and maintenance agreement, defendants only with the right to be on the roadway for ingress, egress and regress or arguably maintenance such as snow removal, not to destroy trees. In particular, pursuant to the complaint, defendants were aware that plaintiffs sought to protect the trees, particularly the 45 year old redwood. No arrangements were made to attempt to transplant the trees or save them in anyway. Moreover, the defendants took the chopped up pieces from the trees without compensation.

The court believes that a fact-finder could find that the defendants had a subjective appreciation of the risk of harm to plaintiffs that their right to their trees and right to expect the easement to be used solely for egress and ingress were placed at risk by their actions. There is no allegation in the complaint that the defendants acted to clear the boundary and/or to maintain the roadway. Such matters are for the fact-finder, unless no evidence in support of one or the other party may be maintained, allowing for an appropriate motion.

## ORDER

And now this 21st day of May, 2015, it is ordered and directed as follows.

1. The Charney defendants' demurrer to Count 1 is overruled. However, the court will treat the objection

in part as an objection for lack of sufficient specificity of a pleading as to the claim of a latent ambiguity in an easement. As such, the court sustains the objection as to lack of specificity to Count 1. It is ordered and directed that plaintiffs shall file an amended complaint within twenty days, setting forth specific facts in support of their claim that a latent ambiguity existed at the time the perpetual easement was created. The complaint should set forth facts in support of the claim that such latent ambiguity should be construed to limit the boundaries of the perpetual easement to the driveway and not the full 50 feet.

2. The Charney defendants' demurrer to Count 2-5, 7, 8, 9, 10 and 11 are overruled.

3. The Charney defendants objection (numbered 11) to lack of specificity as to damages to all counts is sustained in accordance with the previous discussion. In their amended complaint, plaintiffs shall specify whether they seek loss to the value of land and/or the value of lumbar and/or the value of the trees, and where known or easily ascertainable, and the complaint shall set forth the amounts demanded. If the amounts are not known or easily ascertainable, the complaint shall set forth the amounts known and that the damages that are not known.

4. The Charney defendants' demurrer to Counts 5 is sustained.

5. This matter is placed on the court's January 2016 Trial Term. A separate scheduling order will be issued this date.