**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2276
_____

COLUMBIA GAS TRANSMISSION LLC

v.

AN EASEMENT TO CONSTRUCT, OPERATE AND MAINTAIN A 20-INCH GAS
TRANSMISSION PIPELINE ACROSS PROPERTIES IN WASHINGTON COUNTY
AND ALLEGHENY COUNTY, PENNSYLVANIA OWNED BY MCC
INTERNATIONAL, INC.; UNKNOWN PERSONS AND INTERESTED PARTIES;
MICHAEL BOBROWSKI; CANDICE BOBROWSKI; ROBERT A. COWDEN, SR.;
ELIZABETH COWDEN; CECYLE KLAPHAKE, Trustee of the William Klaphake and
Cecyle Kaphake Revocable Living Trust; DANIEL ROBINSON; DEBORAH
ROBINSON; ROBERT J. WEISS; PATRICK SCHEIDER; WEST PENN POWER CO;
CROWN ATLANTIC COMPANY, LLC

Cecyle Klaphake, Trustee of the William Klaphake
and Cecyle Kaphake Revocable Living Trust,
                                    Appellant
_____

No. 18-3424
_____

CECYLE KLAPHAKE,
                                    Appellant

v.

COLUMBIA GAS TRANSMISSION, LLC; COLUMBIA PIPELINE GROUP;
TRANSCANADA CORPORATION

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2-17-cv-1297, 2-17-cv-1359)

District Judge: Honorable Cathy Bissoon
_____

Argued on June 18, 2019

Before:  AMBRO, RESTREPO, and FISHER, *Circuit Judges*

(Filed: November 22, 2019)

Steven E. Gibbs [ARGUED]
Gibbs LLC
500 Grant Street, Suite 2900
Pittsburgh, PA 15219
            *Counsel for Appellant*

Nicolle R. Snyder Bagnell [ARGUED]
Thomas Galligan
Reed Smith LLP
225 Fifth Avenue
Pittsburgh, PA 15222

David Fedder
Rachel Milazzo
Alice Aten
Dentons US LLP
211 N. Broadway, Suite 3000
St. Louis, MO 63102
            *Counsel for Appellees*

2

_____

OPINION[*]

_____

RESTREPO, *Circuit Judge*

These appeals involve two consolidated cases: a condemnation action brought by Columbia Gas Transmission LLC ("Condemnation Action"); and a Declaratory Judgment action brought by Cecyle Klaphake ("Declaratory Action").[1] Cecyle Klaphake appeals the District Court's Orders that were in favor of Columbia in each of the cases. For the reasons which follow, we affirm the District Court's Order granting Columbia's Motion for Judgment on the Pleadings in the Declaratory Action, and we dismiss Klaphake's appeal in the Condemnation Action for lack of jurisdiction.

**I.**

For many years, Columbia and its predecessors-in-interest owned and operated an interstate natural gas pipeline, segments of which were laid across the property at issue in this appeal ("Klaphake Farm" or "Farm"), pursuant to a 1946 easement agreement between the parties' predecessors-in-interest ("Easement Agreement"). The pipeline laid

_____

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

[1] Columbia Gas Transmission, LLC, Columbia Pipeline Group, and TransCanada Corporation were named as defendants in the Declaratory Action and are appellees in this appeal. For ease of reference, the appellees are collectively referred to herein as "Columbia."

pursuant to the Easement Agreement included a tap which allowed Klaphake and her predecessors-in-interest to receive natural gas service directly from the pipeline.

More recently, Columbia developed, and the Federal Energy Regulatory Commission ("FERC") approved, a project that included abandoning segments of the original pipeline and constructing a new relocated pipeline. The relocated pipeline did not include installation of a tap on the new pipe crossing the Klaphake Farm. FERC issued to Columbia a Certificate of Public Convenience and Necessity granting Columbia permission to, among other things, install the requested relocated pipeline.

As Klaphake acknowledges in her brief, the relocated pipeline was to be laid "across a different section of the Klaphake Farm" from the original pipeline, *see* Klaphake Br. 8, and Columbia was unable to negotiate with Klaphake mutually agreeable terms for the new easements it requested in order to lay the relocated line. Columbia thus initiated, under the Natural Gas Act, 15 U.S.C. §§ 717-717z, its Condemnation Action in the District Court against Klaphake, as Trustee of the William Klaphake and Cecyle Klaphake Revocable Living Trust, and the remaining landowners with whom Columbia could not agree on compensation for the new easements it desired.

Prior to the initiation of the Condemnation Action, Klaphake had filed her Declaratory Action in Pennsylvania state court, and Columbia subsequently removed that action to the District Court. Klaphake sought an Order stating that, among other things, Columbia's obligations under the 1946 Easement Agreement included installing a gas tap

4

"on any line of pipe laid on the Klaphake Farm" and removing rather than "abandon[ing] the existing pipeline or any other pipeline laid on the Klaphake Farm." *See* App. 68-69.

## II.

With respect to the Condemnation Action, the District Court granted Columbia's Renewed Motion for Partial Summary Judgment and Immediate Access and Possession of Easements on Property Owned by Cecyle Klaphake. Columbia argues that we should decline to consider on appeal any challenge to the District Court's grant of partial summary judgment, since that action remains pending, and a final Judgment has not yet been entered.[2]

An Order entered by the District Court that resolves fewer than all claims in a single action, or that determines the rights and liabilities of fewer than all parties in that action, is not immediately appealable unless the District Court directs the entry of a final judgment as to the claim or party under Federal Rule of Civil Procedure 54(b). *See Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005). Here, it appears that claims against other defendants were pending in the Condemnation Action at the time of Klaphake's

---

[2] Columbia also argues that to the extent that Klaphake challenges the District Court's grant of preliminary injunctive relief in the form of Columbia's immediate access to the Farm in the Condemnation Action, such a challenge should be denied as moot since Columbia has already constructed the relocated pipeline on the Farm. However, Klaphake makes clear that she "is not challenging the District Court's grant of preliminary injunctive relief but rather the grant of partial summary judgment." *See* Klaphake's Reply 5; *see also id.* at 4 ("Klaphake Does Not Seek Review of the District Court's Grant of Preliminary Injunctive Relief"). Therefore, it is unnecessary for us to address the District Court's granting of preliminary injunctive relief or Columbia's mootness argument in that regard.

5

appeal.  However, even assuming all claims related to the other defendants in the Condemnation Action have been resolved since the filing of this appeal, as counsel acknowledged at oral argument before us, compensation proceedings involving the Klaphake Farm are currently pending in the District Court, and it has not directed the entry of a final judgment as to Klaphake in the Condemnation Action.  Thus, Klaphake's appeal of the Order granting partial summary judgment in the Condemnation Action is not properly before us because the Order did not end the litigation as to all claims and all parties and was thus not an appealable final Order.  *See Andrews v. United States*, 373 U.S. 334, 340 (1963); *Hill*, 411 F.3d at 124.

Klaphake asks us to assert pendent appellate jurisdiction over the District Court's grant of partial summary judgment.  The doctrine of pendent appellate jurisdiction "allows [us] in [our] discretion to exercise jurisdiction over issues that are not independently appealable but that are intertwined with issues over which [we] properly and independently exercise[] [our] jurisdiction." *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 130 (3d Cir. 2018) (quoting *Aleynikov v. Goldman Sachs Grp., Inc.*, 765 F.3d 350, 357 (3d Cir. 2014)) (internal quotation marks omitted).  The doctrine "is indisputably narrow and should be used sparingly." *Griswold v. Coventry First LLC*, 762 F.3d 264, 269 (3d Cir. 2014) (citing *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F.3d 187, 203 (3d Cir. 2001)) (internal quotation marks omitted).

We have discretion to exercise pendent appellate jurisdiction where an appealable order is "inextricably intertwined" with a non-appealable order, or where "review of [a] non-appealable order . . . is necessary to ensure meaningful review of [an] appealable order." *Reinig*, 912 F.3d at 130 (citing *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 136 (3d Cir. 2004)) (internal quotation marks omitted). "Issues are 'inextricably intertwined' only when the appealable issue 'cannot be resolved without reference to the otherwise unappealable issue.'" *Id.* (quoting *Invista S.A.R.L. v. Rhodia, S.A.*, 625 F.3d 75, 88 (3d Cir. 2010)) (internal quotation marks omitted). Indeed, although pendent appellate jurisdiction is discretionary, *see Reinig*, 912 F.3d at 130, "if the appealable order may be properly 'dispose[d] of . . . without venturing into otherwise nonreviewable matters[,]" *id.* (quoting *Kershner v. Mazurkiewicz*, 670 F.2d 440, 449 (3d Cir. 1982) (en banc)), we "have no need - and therefore no power - to examine the [nonreviewable] order," *id.* (quoting *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 208 (3d Cir. 1990)).

Here, Klaphake argues that pendent appellate jurisdiction is available because the District Court's non-final rulings in the Condemnation Action served as the basis for the Court's appealable rulings in the Declaratory Action. However, since the issues of whether the Easement Agreement obligates Columbia to install a tap on the relocated pipeline, or prohibits Columbia from abandoning the original pipeline, are not "inextricably intertwined" with the non-appealable issues in the Condemnation Action, and meaningful review of the appealable Order does not require review of the non-

7

appealable Order, *see Reinig*, 912 F.3d at 130, we dismiss Klaphake's appeal in the Condemnation Action for lack of jurisdiction. Moreover, even assuming pendent appellate jurisdiction were available in the Condemnation Action appeal, we would decline to invoke the doctrine in this case.

### III.

With respect to the Declaratory Action, Klaphake appeals the District Court's Order granting Columbia's Motion for Judgment on the Pleadings.[3] Klaphake argues that, under the 1946 Easement Agreement, Columbia had no right to abandon the original pipeline on the Farm and is also obligated to install a tap on the relocated pipeline. Since the language of the Easement Agreement unambiguously does not prohibit Columbia from abandoning the original pipeline and does not obligate Columbia to install a tap on the relocated pipeline, we affirm the District Court's Order.

Under Pennsylvania law, "[i]t is well established that the same rules of construction that apply to contracts are applicable in the construction of easement grants."[4] *Zettlemoyer v. Transcontinental Gas Pipeline Corp.*, 657 A.2d 920, 924 (Pa. 1995). When unambiguous, as with any contract, the rights conferred by the easement agreement must be ascertained from its language. S*ee PARC Holdings, Inc. v. Killian*,

---

[3] The District Court had subject-matter jurisdiction over the Declaratory Action pursuant to 28 U.S.C. §§ 1332(a) and 1441, and we have appellate jurisdiction under 28 U.S.C. § 1291.

[4] The parties do not dispute that Pennsylvania law controls in construing the Easement Agreement.

785 A.2d 106, 112 (Pa. Super. 2001); *Baney v. Eoute*, 784 A.2d 132, 136 (Pa. Super. 2001).

As pointed out by the District Court, the Easement Agreement's specific reference to a tap was limited to the following language: "Tap to be installed on this line at point nearest the residence." *See* App. 53, 357. As also pointed out by the District Court, "this line" refers unambiguously to the pipeline mentioned in the Easement Agreement which was the pipe originally laid pursuant to the Agreement and "a [permitted] second line of pipe [that may be laid] alongside of the first line . . . subject to the same conditions," *see* App. 73. The Agreement unambiguously does not mean what Klaphake's Complaint requests the Court to order – that Columbia is obligated to install a gas tap "on any line of pipe laid on the Klaphake Farm," s*ee* App. 58-59, or on the relocated pipeline which was laid across a different section of the Farm, *see* Klaphake Br. 8.

Furthermore, although the Easement Agreement vests Columbia with the "right" to "remove said lines," nothing in the Easement Agreement *requires* Columbia to remove its pipeline upon discontinuing its permissive use of the original pipeline. Contrary to the allegations in Klaphake's Complaint, the Easement Agreement does not prohibit Columbia from "abandon[ing] the existing pipeline or any other pipeline laid on the Klaphake Farm," *see* App. 68-69, and there is nothing unambiguous about the wording in the Agreement in that regard. *See, e.g., In re G-I Holdings, Inc.*, 755 F.3d 195, 206 (3d Cir. 2014) (refusing to read mandatory or exclusive requirements into a permissive contractual provision).

9

## IV.

Under the unambiguous terms of the 1946 Easement Agreement, Columbia may abandon the original pipeline and has no obligation to install a tap on the relocated pipeline. Further, it is unnecessary to review the District Court's Order granting the motion for partial summary judgment in the Condemnation Action in order to ensure meaningful review of the Order granting the motion for judgment on the pleadings in the Declaratory Action. Accordingly, we affirm the District Court's Order in the Declaratory Action, and we dismiss for lack of jurisdiction Klaphake's appeal in the Condemnation Action.